## COAL EMPLOYMENT PROJECT, et al., Petitioners,

v.

## Elizabeth Hanford DOLE, in her Capacity as Secretary of Labor, United States Department of Labor, Respondent.

### No. 88-1708.

United States Court of Appeals, District of Columbia Circuit.

April 12, 1990.

John F. Colwell and J. Davitt McAteer, Washington, D.C., for petitioners.

Robert P. Davis, Edward P. Clair, Washington, D.C., Dennis D. Clark, and Carl C. Charneski, for respondent.

Before WALD, Chief Judge, and BUCKLEY and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

On Motion to Enforce Compliance With Order of Remand

PER CURIAM:

In responding to our Order in *Coal Employment Project v. Dole*, 889 F.2d 1127, 1138 (D.C.Cir.1989), the Mine Safety and Health Administration ("MSHA") issued an interim regulation taking two actions: "(1) temporarily revising its assessment policies to instruct its field personnel to review [non-significant-and-substantial] ("non-s &

s") violations involving high negligence and an excessive history of the same type of violation for possible special assessment under 30 C.F.R. § 100.5; and, (2) temporarily suspending the sentence in 30 C.F.R. § 100.3(c) which excludes timely paid single penalty assessments from an operator's history of violations for regular assessment purposes." Criteria and Procedures for Proposed Assessment of Civil Penalties, 54 Fed.Reg. 53,609, 53,610 (1989). Petitioners now contend that the first of these actions is inconsistent with our Order.

We review an agency's interim rulemaking in response to a judicial decision for contrariness "to either the letter or spirit of the mandate" in the original case. *Mid–Tex Electric Corp. v. FERC,* 822 F.2d 1123, 1130 (D.C.Cir.1987) (citing cases). We are primarily concerned that MSHA's "high negligence" requirement in its interim regulation runs contrary to the spirit of our original Order.

In particular, we are troubled by the scenario of repeated, identical low negligence violations. By our reading of the MSHA interim regulation, unless MSHA determined that such repetition amounted to high negligence, the offending mine operator would be assessed only a series of single penalties. Our opinion stated, however, that although "repeated non-serious injuries may call for a higher negligence finding ..., the violation history criterion provides a more accurate vehicle than the negligence criterion for weighing past non-serious injuries in the penalty calculation." *Coal Employment,* 889 F.2d at 1136. In light of MSHA's substantial discretion in determining what constitutes "high negligence," we fear that even a series of identical non-s & s violations may not require MSHA to invoke the violation history criterion and may not generate more than a single penalty each time. Thus, MSHA's "high negligence" requirement seems inconsistent with the concerns we voiced in "Case 1" in our opinion that even a string of non-s & s violations would generate only a series of twenty dollar penalties.

We also note petitioners' concern with MSHA's requirement that for the agency

to consider a special assessment, the current violation must be of the "same type" as past violations. The issue, however, has not been fully briefed and we therefore do not resolve it with regard to MSHA's interim regulation. Nonetheless, we will consider it if it is properly raised and briefed in a challenge to whatever final regulation MSHA issues.

We are reluctant to dictate to MSHA how to implement our Order, particularly at the interim stage. The foregoing discussion, however, is intended to advise MSHA of the shortcomings in its interim rule, particularly with regard to its "high negligence" requirement. Accordingly, we order MSHA to devise a suitable interim replacement responding to our concerns within 45 days. We also note MSHA's present intention to publish a proposed final rule by August 1990, and underscore our hope and expectation that MSHA will act consistently with its own plan.

*So ordered.*